J-S59033-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| DELBERT MAURICE FRANKLIN, | : | |
| | : | |
| Appellant | : | No. 879 EDA 2014 |

Appeal from the PCRA Order entered February 27, 2014,
in the Court of Common Pleas of Chester County,
Criminal Division, at No: CP-15-CR-003189-1997

BEFORE:     SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 23, 2014**

Delbert Maurice Franklin (Appellant) appeals from the February 27, 2014 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 10, 1997, Appellant was convicted by a jury of 44 offenses arising from a series of assaults and robberies committed while Appellant was a member of a gang.  He was sentenced to an aggregate term of 30 to 60 years' incarceration followed by 11 years of probation.  Appellant did not file a direct appeal.

On December 10, 1998, Appellant filed a PCRA petition.  The PCRA court granted Appellant a new trial.  The Commonwealth appealed, and on review, a panel of this Court reversed the order granting a new trial and remanded the case to permit Appellant to appeal his judgment of sentence *nunc pro tunc*. ***Commonwealth v. Franklin***, 759 A.2d 19 (Pa. Super.

*Retired Senior Judge assigned to the Superior Court.

2000). Appellant filed his direct appeal, and this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Franklin**, 777 A.2d 501 (Pa. Super. 2001), *appeal denied*, 788 A.2d 373 (Pa. 2001).

In April of 2002, Appellant filed another PCRA petition. Counsel was appointed, and was subsequently permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court denied relief; Appellant appealed *pro se*; and, a panel of this Court affirmed the order of the PCRA court. **Commonwealth v. Franklin**, 788 A.2d 373 (Pa. Super. 2006).

On July 29, 2013, Appellant, represented by counsel, filed the PCRA petition at issue in this appeal. An amended petition was filed on September 11, 2013. The Commonwealth filed a response and motion to dismiss. On February 27, 2014, the PCRA court issued an order and opinion denying Appellant relief. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

We set forth our well-settled standard of review.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (quotations and citations omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence became final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Applying this law to the case at hand, Appellant's petition is facially untimely. Instantly, Appellant's judgment of sentence became final in January 2002, when the 90 day period expired in which Appellant had to file a writ of certiorari to the United States Supreme Court after our Supreme Court denied his petition for allowance of appeal. Thus, Appellant had one year from that date, until January 2003, to file timely a PCRA petition. This petition was filed in July 2013, over 11 years late.

Appellant argues that his claim of actual innocence is ripe for review in light of the United States Supreme Court's decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Appellant's Brief at 20; PCRA Petition, 7/29/2013, at ¶ 6. Appellant contends that this case meets the requirements under the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii)

("[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.").[1]

In *McQuiggin*, the Supreme Court of the United States held that a claim of actual innocence, if proved, can serve as a gateway through which a petitioner may pass the one-year time-bar for filing an otherwise untimely first federal *habeas corpus* petition when the claim of actual innocence is supported by newly-discovered evidence. *See McQuiggin*, *supra*. This ruling concerns time limitations of federal *habeas corpus* petitions and is inapplicable to Appellant's instant state PCRA petition. Further, the Supreme Court of the United States did not expressly pronounce that *McQuiggin* applies retroactively.[2] Finally, *McQuiggin* involved a claim of actual

---

[1] The PCRA also requires that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). *McQuiggin* was filed on May 28, 2013, and the instant PCRA petition was filed on the final day of the 60-day period, on July 29, 2013.

[2] Our Supreme Court has set forth the requirements for subsection (iii).

Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that

innocence based on newly-discovered evidence. Here, Appellant does not predicate his innocence claim on new evidence; rather, he argues that his conviction under the Pennsylvania Corrupt Organizations Act (PACOA), 18 Pa.C.S. § 911 *et seq.*, was unconstitutional pursuant to **Commonwealth v. Besch**, 674 A.2d 655 (Pa. 1996).[3]

For the foregoing reasons, Appellant has failed to satisfy the exception set forth is subsection 9545(b)(1)(iii), and we affirm the order of the PCRA court denying relief.

Order affirmed.

---

court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649-50 (Pa. 2007)(citing **Commonwealth v. Abdul–Salaam**, 812 A.2d 497, 501 (Pa. 2002)).

[3] The PACOA has a tortured history with respect to whether it applied to wholly illegitimate enterprises, such as gang activity. **See Commonwealth v. Shaffer**, 734 A.2d 840 (Pa. 1999). However, we need not address this issue further, because it clearly does not fall under a claim of new evidence of actual innocence as required by **McQuiggin**.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>9/23/2014</u>